UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| United States of America<br><br>    *v.*<br><br>Troy Moody | Criminal No. 3:09cr86 (JBA)<br><br>May 7, 2010 |

RULING ON MOTION TO DISMISS

Defendant Troy Moody has been indicted by a grand jury on charges of Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §§ 371 and 1344(1) and Bank Fraud in violation of 18 U.S.C. § 1344(1). In the interval between withdrawal of his first attorney and appointment of his second, Defendant has moved *pro se* to dismiss the Indictment against him because he believes that there may have been flaws with the grand jury proceedings, and he requests that the "grand jury transcripts [be] reviewed entirely." (Mot. Dismiss [Doc. # 111] at 2, 6.) The Government contends that while Moody "sets forth several legal principles that are germane to federal grand juries in general," there is "is simply no factual basis to pursue this inquisition." (Gov't's Response [Doc. # 131] at 1.)

A grand jury's actions are presumed to be valid. *See Hamling v. United States*, 418 U.S. 87, 139 n.23 (1974) ("The presumption of regularity which attaches to Grand Jury proceedings still abides."). Federal Rule of Criminal Procedure 6(e)(3)(C), which allows disclosure of otherwise-secret grand jury materials, has therefore consistently been construed "to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983). "Mere speculation and surmise as to what occurred before the grand jury are not sufficient

to overcome this presumption of regularity." *United States v. Scott*, 624 F. Supp. 2d 279, 291 (S.D.N.Y. 2008) (internal quotations omitted).

Moody has offered no evidentiary basis for his concerns of grand jury irregularity and has not otherwise made any showing of particularized need. He espouses a belief that district courts "have erred in the past by failing to submit a detail[ed] explanation to a grand jury as to the facts involved in the actual crime alleged." (Mot. Dismiss at 2.) He maintains that it is "vitally important to ask, if when the case was presented to the grand jury[,] . . . the [G]overnment cite[d] and mention[ed] that the [D]efendant did not directly defraud the United States Government." (*Id.* at 3.) Defrauding the United States Government, however, is not an element of the bank fraud related crimes with which he is charged. He is also apprehensive that the Government may have informed the grand jury that the defrauded financial institutions were "federally insured," even though the statute under which he is charged does not contain this term. Defendant's concern is of no import, however, since a conviction under Section 1344(1) requires proof that a defendant "intended to victimize a federally insured financial institution." *United States v. Koh*, 199 F.3d 632, 638 (2d Cir. 1999) (quoting *United States v. Rodriguez*, 140 F.3d 163, 168 (2d Cir. 1988)).

Neither Moody's generalized belief of past inadequacies with grand juries, nor his query as to the Government's possible charge on defrauding, are more than his conjecture, and they do not overcome the presumption of regularity or provide a showing of particularized need to justify review of the secret grand jury transcripts.

Finally, "[a]s a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendant[]." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 250 (1988). Under this standard, "dismissal of the

indictment is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." *Id.* at 256. Since Moody has only speculated on possible procedural problems with the grand jury without evidence of any error or grand jury impropriety, let alone impropriety influencing the grand jury's determination to indict, his motion to dismiss the Indictment will be DENIED

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of May, 2010.